**In re Ricky W. HOLLAND, Debtor in Chapter 13.**

**Ricky W. HOLLAND, J.W. Holland and George W. Stevenson, Chapter 13 Trustee, Plaintiffs,**

v.

**WHITINGTON TRUCKS, INC., Defendant.**

Bankruptcy No. 85–24616.
Adv. No. 86–0031.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Aug. 14, 1986.

Patrick Johnson, Jr., Memphis, Tenn., for debtor-plaintiff.

Mark W. Garrett, Memphis, Tenn., for Whitington Trucks, Inc.

MEMORANDUM OPINION AND ORDER RE: PLAINTIFFS' MOTION FOR ADDITIONAL FINDINGS AND AMENDED JUDGMENT

WILLIAM B. LEFFLER, Bankruptcy Judge.

The Plaintiff, J.W. Holland, seeks to be discharged from his potential liability as the "co-signer" for his son, Ricky, of a note

that represents the debt due the Defendant, Whitington Trucks, Inc., for the purchase of a truck. In a "Memorandum Opinion and Order" dated March 17, 1986, this Court previously determined that the Defendant holds an unperfected security interest in the truck. Nevertheless, the Debtor is proposing to pay 100% of the Defendant's claim through his Chapter 13 Plan and has agreed to the entry of an order by this Court which would grant the Defendant a lien on the truck should he be unable to comply with the plan.

In its prior Memorandum, this Court concluded, after a review of relevant case law, that it is ultimately the responsibility of the secured party to protect its security interest. In his present motion, the Plaintiff, Mr. J.W. Holland, contends that by failing to do so, the Defendant has "unjustifiably impaired" the collateral for the loan pursuant to T.C.A. § 47–3–606(1)(b) which should result in his discharge as an accommodation party to the note.

■ The Plaintiff's contention is not without merit according to a review of the cases reported in U.C.C. Reporter and the discussion by Professors White and Summers concerning this issue, both of which indicate that failure to protect one's security interest can constitute "unjustifiable impairment of collateral." See e.g. *Bank of New Jersey v. Pulini*, 38 UCC Rep. 1308; 194 N.J.Super. 163, 476 A.2d 797 (1984); *Huey v. Port Gibson Bank*, 31 UCC Rep. 637; 390 So.2d 1005 (Miss.1980); J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 13–14 (2d ed. 1980). It appears that under section 3–606(1)(b) of the Uniform Commercial Code if a creditor has failed to use reasonable care under all of the circumstances to protect its interest in collateral, it may have acted to "unjustifiably impair the collateral." Furthermore, when impairment of the collateral results in the loss of the surety's right of subrogation and was without his permission, the surety may be discharged to the extent of the value of the impairment. *Bank of Ripley v. Sadler*, 671 S.W.2d 454, 457 (Tenn.1984).

■ In the case at bar, the Defendant's, and thus the Plaintiff's, claim to the collateral is subordinate to the Bankruptcy Trustee's claim due to its unsecured status. Moreover, the Court has previously determined that the ultimate responsibility for protecting one's security interest lies with the creditor and that in this case, the creditor released the vehicle's title to the Debtor without ensuring that it would be registered and the lien perfected as required by Tennessee law. Given these circumstances, the Court can find that the collateral was unjustifiably impaired so as to discharge the surety.

■ However, it appears that in order to be discharged as surety, in addition to a showing of impairment to collateral, the surety must also show the Court the extent of the damages he has suffered as a result of the impairment. See, T.C.A. § 47–3–606(1) "... *to the extent that....*," J. White and R. Summers *Handbook* ... *[U.C.C.]*, supra, *Bank of Ripley v. Sadler*, supra at 457. The Court cannot find that such a showing has been made here, particularly in light of the Debtor's Chapter 13 Plan provision to pay 100% of the debt on this collateral and the agreed order whereby a lien in favor of the Defendant on the collateral will attach upon the Debtor's default.

In light of the above findings of fact and conclusions of law, it is THEREFORE, HEREBY ORDERED that the motion of the Plaintiff, J.W. Holland, to be discharged as a surety on the note representing the debt owed the Defendant is denied.